The **COMMITTEE OF MERCHANTS AND CITIZENS AGAINST the PROPOSED ANNEXATION, INC., a corporation of the State of Delaware, Petitioner Below, Appellant,**

v.

**Guy M. LONGO, Mayor, Henry E. Nutter, Edward H. Butler, Jr., Ronald MacArthur, Daniel Short, and Grace Peterson, Council Persons, in their official capacity only, as the Mayor and Council of the City of Seaford, Delaware, a municipal corporation of the State of Delaware, Respondents Below, Appellees,**

and

**Wal–Mart Stores, Inc., Intervenor Below, Appellee.**

No. 63,1995.

Supreme Court of Delaware.

Submitted: Sept. 6, 1995.
Decided: Sept. 29, 1995.

**42**

Robert C. Wolhar, Jr., Wolhar & Gill, P.A., Georgetown, for appellant.

James A. Fuqua, Jr., Fuqua and Yori, P.A., Georgetown, for appellees Guy M. Longo, Henry E. Nutter, Edward H. Butler, Jr., Ronald MacArthur, Daniel Short and Grace Peterson.

Craig A. Karsnitz (argued), and E. Scott Bradley, Young, Conaway, Stargatt & Taylor, Georgetown, for appellee Wal–Mart Stores, Inc.

Before VEASEY, C.J., HOLLAND and BERGER, JJ.

HOLLAND, Justice:

This is an action challenging the City of Seaford's ("Seaford") annexation of twenty-seven acres of land owned by Amelia Lord (the "Lord Property"). The appellant is The Committee of Merchants and Citizens Against the Proposed Annexation, Inc. ("Merchants").[1] The appellees are the Mayor and City Council members of Seaford.

Merchants initiated these proceedings in the Court of Chancery. The appellee, Wal–Mart Stores, Inc. ("Wal–Mart"), was permitted to intervene by the Court of Chancery because Wal–Mart had an option to purchase the Lord Property. The Court of Chancery held that Merchants was without standing to

---

1. This Delaware corporation was apparently formed for the purpose of opposing this annexation proposal. Its president is acknowledged to be a Seaford property owner and merchant.

challenge certain aspects of the annexation process and, to the extent it had standing, Merchants' other challenges were without merit. Therefore, the Court of Chancery granted Wal–Mart's and Seaford's Motions for Summary Judgment.[2]

Merchants filed a Notice of Appeal in this Court. This Court has concluded that the judgments of the Court of Chancery should be affirmed.

*Facts*

The facts are set forth in the record. On April 26, 1994, Seaford received a petition from Amelia Lord requesting the annexation of 27 acres of land.[3] The petition was presented to the Seaford City Council. A committee was appointed to investigate the possibility of annexing the Lord Property. The committee submitted a favorable report to the City Council on May 24, 1994. A public hearing on the subject was advertised for June 14, 1994.

An objection was subsequently raised by opponents of the annexation. The basis for the objection was that the original petition filed by Amelia Lord was deficient in that it did not contain the signatures of five (5) or more property owners in the territory to be annexed, as required by Section 2(A) of the Seaford Charter. In view of the objection, the City Council canceled the public hearing on June 14th.

The City of Seaford then reinitiated the annexation process through an alternative method authorized under the Seaford Charter. Under this "resolution method," the City Council unanimously approved a resolution to consider the annexation of the Lord Property. A committee was appointed to investigate the proposed annexation.

On June 28, 1994, the committee report recommending the annexation was presented to the City Council. A resolution was unanimously passed by the City Council proposing to annex the territory. A public hearing was set to be held on July 12, 1994. Due to an error in the metes and bounds legal description of the property proposed to be annexed, however, the July 12th public hearing was canceled.

On July 26, 1994, the City Council unanimously passed a new resolution, which contained the correct metes and bounds legal description, proposing to annex the Lord Property. A public hearing was set for August 9, 1994. Notice of the public hearing was advertised.

At the hearing on August 9, 1994, the Mayor prohibited any discussion regarding the advantages or disadvantages of a Wal–Mart discount department store on the Lord Property. The Mayor did permit discussion regarding the general propriety of annexing the Lord Property with a commercial zoning designation.[4] The Mayor explained his reasons for this procedure as follows:

> Well, that was, in my opinion, that was not the purpose of the meeting. We were there ... we don't annex businesses in Seaford, we annex property. There's never any guarantee that a particular business is going to come on a property.

> · · · · ·

> The issue at hand, in my view, was whether or not it was in the best interest of the city to annex 27 acres of land owned by Mrs. Lord as a commercial piece of property.

On August 23, 1994, a resolution was unanimously passed by the City Council ordering a special election on the annexation of the Lord Property. The approval of that resolution constituted a determination by the City Council to proceed with the proposed annex-

---

**2.** Merchants subsequently filed a Motion for Reargument, which was denied by the Court of Chancery.

**3.** The City of Seaford, Delaware, is a municipal corporation of the State of Delaware. The authority to enlarge its municipal limits by annexation of territory is set forth in Section 2 of its Charter, Chapter 42, Volume 53, Laws of Delaware, as amended.

**4.** The record reflects that the Lord Property was already partially zoned for commercial use by Sussex County. The parties also agree that following the annexation election, a separate zoning hearing was held concerning the zoning classification of the Lord Property by Seaford.

ation. The Mayor appointed three persons to act as the Board of Special Election, in accordance with Section 2(H) of the Charter. Due to her age, Amelia Lord, the sole property owner in the territory proposed to be annexed, requested that Mary Boggs be appointed to the Election Board to act on her behalf. Notice of the time and place of the special election was advertised. The special election was held on September 26, 1994.

The Board of Special Election counted the ballots and issued its certification in accordance with Section 2(I) of the Charter, certifying the following results:

City of Seaford
Property Owners and Residents

| FOR | AGAINST | VOID |
| --- | --- | --- |
| 628 | 114 | 0 |

Territory
Property Owners and Residents

| FOR | AGAINST | VOID |
| --- | --- | --- |
| 1 | 0 | 0 |

A description and plot of the annexed territory was recorded in the Office of the Recorder of Deeds in and for Sussex County, Delaware, in Book 429, Page 237 and Plot Book 53, Page 112 on October 14, 1994 in accordance with Section 2(J) of the Charter.

*Merchants Without Standing*

■ Merchants' initial argument on appeal is that the Court of Chancery erred, as a matter of law, in determining that Merchants lacked standing to challenge two alleged irregularities in the annexation of the Lord Property. This Court has held that to establish standing, a plaintiff must demonstrate an interest distinguishable from the public. *Stuart Kingston, Inc. v. Robinson,* Del.Supr., 596 A.2d 1378 (1991); *Oceanport Industries, Inc. v. Wilmington Stevedores,* Del.Supr., 636 A.2d 892, 899 (1994). In the *Stuart Kingston* decision, this Court noted that:

The concept of "standing," in its procedural sense, refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or redress a grievance. It is concerned only with the question of who is entitled to mount a legal challenge and not with the merits of the subject matter of the controversy. *In order to achieve standing, the plaintiff's interest in the controversy must be distinguishable from the interest shared by other members of a class or the public in general.* Unlike the federal courts, where standing may be subject to stated constitutional limits, state courts apply the concept of standing as a matter of self-restraint to avoid the rendering of advisory opinions at the behest of parties who are "mere intermeddlers."

*Stuart Kingston, Inc. v. Robinson,* 596 A.2d at 1382 (citations omitted) (emphasis added).

■ A private organization seeking on behalf of its members to challenge a public action must satisfy a three-part test: (1) it has organizational standing; (2) it has sustained an injury-in-fact; and (3) the interests it seeks to protect are within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. *Oceanport Industries, Inc. v. Wilmington Stevedores,* 636 A.2d at 899–906. In this appeal, the Court of Chancery's determination that Merchants had no interest to be protected by the Seaford Charter, so as to give it standing to challenge the alleged irregularities in the annexation process, is dispositive.

■ The annexation procedures in the Seaford Charter protect the interests of residents and property owners in both Seaford and the area to be annexed. Various sections of the annexation requirements, however, are intended to protect only the owners and residents of the property to be annexed.

Merchants argues that the annexation committee's report does not contain a discussion of the advantages and disadvantages of annexation to the Lord Property, as required by Section 2(B) of the Charter. This section is clearly for the benefit of Lord, as property owner of the land to be annexed, and not Merchants. Since Merchants has no interest that is protected by Section 2(B) of the Seaford Charter, the Court of Chancery properly held that Merchants had no standing to be heard on that issue. *Oceanport Industries, Inc. v. Wilmington Stevedores,* 636 A.2d at 899–900.

Merchants also argues that the Board of Special Election was not properly constituted

because Lord, the property owner of the area to be annexed, was not a member as required by Section 2(H) of the Charter. That requirement is also designed for the protection of Lord, the property owner, by allowing her to observe and certify the results of the Special Election. Since that provision is not intended to protect any interests of Merchants, the Court of Chancery properly held that Merchants had no standing to be heard on that issue. *Oceanport Industries, Inc. v. Wilmington Stevedores,* 636 A.2d at 899–900. We also note, however, that the record reflects that Lord, through her designated agent, Mary Boggs, was represented on the Board of Special Election.

### Annexation Proceedings Complied With Seaford Charter No Due Process Violation

■ Merchants' second argument on appeal is that Seaford did not comply with the Charter requirements which relate to the initiation of an annexation proceeding. The record reflects that Seaford abandoned the initial plan to proceed with annexation by petition of the property owners and, thereafter, proceeded by the alternative method set forth in the Charter. The Court of Chancery held that Seaford's annexation of the Lord Property by resolution and special election was in accordance with the proper procedures. The record supports that holding.

■ Merchants' final argument on appeal is that the August 9, 1994 public hearing was not conducted in accordance with the due process requirements of the United States Constitution because the Mayor would not allow the public to comment on whether Seaford should allow Wal–Mart to build a store on the Lord Property. Merchants contends that it has a right to argue the advantages and disadvantages of a Wal–Mart being developed on the site. Section 2(B) of the Charter creates no such right, however. Section 2(B) of the Seaford Charter provides that the City Council hold a "public hearing *on the subject of the proposed annexation* " (emphasis supplied).

The record reflects that the Mayor and City Council held a public hearing on the relevant "subject" of annexation. Seaford was not required by its Charter to hold a public hearing on the irrelevant subject of subsequent possible uses of the property after annexation. Merchants' attempt to turn the "subject" of the public hearing into a debate on the merits of Wal–Mart was properly prohibited by the Mayor.

The record reflects that the Mayor and City Council fully complied with the requirement of holding a public hearing on the "subject of the proposed annexation." At this public hearing, individuals were given the opportunity to speak and present information regarding the proposed annexation. Accordingly, the public hearing held by the City of Seaford on the annexation of the Lord Property complied with the provisions of the Charter and all due process requirements to which Merchants was entitled.

### Conclusion

The judgment of the Court of Chancery is AFFIRMED.